EVAN L. GOLDMAN, ESQ. (ID NO.: 011871979)
LAW OFFICES OF
GOLDMAN, DAVIS & GUTFLEISH, P.C.
THREE UNIVERSITY PLAZA
HACKENSACK, NEW JERSEY 07602-0568
(201) 488-2600
(201) 488-5059 (TELECOPIER)
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLA RABER,<br><br>                              Plaintiff,<br><br>vs.<br><br>EXPRESS SCRIPTS HOLDING COMPANY and JOHN SHEA,<br><br>                              Defendants | Civil Action No.: 2:18-cv-08639 KSH-CLW<br><br>CIVIL ACTION |

MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

On The Brief:
  Evan L. Goldman, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS................................................................................................. 2

LEGAL ARGUMENT........................................................................................................ 3

   A.   DISMISSAL IS INAPPROPRIATE ............................................................... 3

      1.   DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT UNTIL PLAINTIFF'S MOTION TO REMAND IS DECIDED............................... 3

      2.   PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO ESTABLISH THAT THERE ARE VIABLE CLAIMS AGAINST THE DEFENDANT JOHN SHEA .. 4

      3.   THE SUBMISSION OF THE CERTIFICAITON OF MR. SHEA CLEARLY INDICATES THAT THERE ARE FACTS IN DISPUTE.  AS A RESULT, SHOULD THE COURT CONSIDER THE CERTIFICATION OF MR. SHEA  IT WILL NOT BE DECIDING THE 12(b)(6) MOTION ON THE  PLEADINGS AND  IS THEREFORE CONVERTING THIS MOTION TO A SUBSTANTIVE SUMMARY JUDGMENT MOTION.  AS SUCH IT SHOULD BE DENIED. ....... 6

CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Batoff v. State Farm Ins. Co., 977 F.2d 848, 851–52 (3d Cir. 1992) ............................................. 3
Cicchetti v. Morris County Sheriff's Office, 194 N.J. 563, 947 A.2d 262 (2008) ........................ 4
Connelly v. Lane Constr. Corp., 809 F. 3d 780 (3d Cir. 2016) ..................................................... 7
Harley v. City of N.J. City, Civil Action No. 16-5135, 2017 U.S. Dist. LEXIS 98808 (D.N.J. June 27, 2017) ............................................................................................................................ 5
Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999) ................................................ 5
In re Briscoe, 448 F.3d 201, 218 (3d Cir. 2006) ........................................................................... 3
Leang v. Jersey City Bd. Of Educ., 198 N.J. 557, 969 A.2d 1097 (2009) ..................................... 4
Lehmann v. Toys 'R' Us, 132 N.J. 587, 626 A.2d 445 (1993) ....................................................... 4
Nieves v. Lyft, Inc., Civil Action No. 17-6146 (FLW)(DEA), 2018 U.S. Dist. LEXIS 90423, (D.N.J. May 31, 2018) ............................................................................................................... 7
Robinson v. Family Dollar Inc., 679 F. App'x 126, 131 (3d Cir. 2017) ....................................... 7
Santiago v. Warminster Twp., 629 F. 3d 121 (3d Cir. 2010) ........................................................ 7

**Statutes**

N.J.S.A. 10:5-12 (a) ...................................................................................................................... 4
N.J.S.A. 10:5-12 (e) ...................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 2, 6

**PRELIMINARY STATEMENT**

This matter arises out of the termination of the Plaintiff, Ella Raber, from her employment of twenty-seven (27) years at Express Scripts Services Company[1] ("Express Scripts"). It is alleged in the complaint that Ms. Raber was terminated after twenty-seven (27) years of excellent performance at Express Scripts (and its predecessor, Medco) due solely to her age. A Complaint was filed in Superior Court of New Jersey naming both the company and John Shea as Defendants. It was alleged, based upon information and belief, that Mr. Shea, In-House Counsel at Express Scripts, was involved in the decision to terminate the Plaintiff and therefore "aided and abetted" Express Scripts in its ultimate determination.

As Mr. Shea is a New Jersey resident, suit was filed in Superior Court of New Jersey. Counsel for Express Scripts and Mr. Shea removed the matter to Federal Court claiming that the joinder of Mr. Shea as a Defendant was fraudulent. Within two (2) days of the removal, Defendant filed both an Answer (on behalf of Express Scripts) and a Motion to Dismiss Mr. Shea pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a Motion to Remand this matter back to State Court contending that the joinder was not fraudulent. While this brief opposes the Motion to Dismiss, it is contended pursuant to Federal Law that the Motion to Remand must be heard first, prior to the Motion to Dismiss. If counsel wants to file a Motion to Dismiss it must be filed in State Court following the remand. Accordingly, at this time the Motion to Dismiss must be denied or held in abeyance pending the Court's decision on the Motion to Remand.

---

[1] Incorrectly pleaded as "Express Scripts Holding Company"

1

## STATEMENT OF FACTS

Plaintiff hereby incorporates by reference the Statement of Facts contained in the Brief in support of her Motion to Remand. As the Defendant properly stated in its own brief, as no discovery has been taken, and pursuant to Fed. R. Civ. P. 12(b)(6), all facts contained in the Complaint should be deemed as true and accurate for the purpose of this motion. The Certification of Mr. Shea should not be considered on this Motion to Dismiss.

# LEGAL ARGUMENT

## A. DISMISSAL IS INAPPROPRIATE

### 1. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT UNTIL PLAINTIFF'S MOTION TO REMAND IS DECIDED

As the Court is aware, Plaintiff has filed a Motion to Remand this matter (Submitted to the Court on May 30, 2018). Defendant's sole argument for removal is that Plaintiff fraudulently joined the individual Defendant, John Shea, since he has been properly served. The Third Circuit has held that the issue of fraudulent joinder must be decided first, before the Court can determine if a claim should be dismissed. In re Briscoe, 448 F.3d 201, 218 (3d Cir. 2006); See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851–52 (3d Cir. 1992). The court in Batoff held that

> **[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted. Accordingly, the district court erred in converting its jurisdictional inquiry into a motion to dismiss.**

977 F.2d at 851-52. Furthermore, the court in Briscoe held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Such a determination **must be left to the state court**." 448 F.3d at 218 (emphasis added) (internal quotes omitted).

Because Plaintiff has filed a Motion to Remand, the Court must first decide the issue of fraudulent joinder, which has a different standard than a motion to dismiss. Id. If the Court remands this matter, the determination of whether Plaintiff's claims should be dismissed is left to the state court. Id.

The concept of deciding the Motion for Remand first makes perfect logical sense. If this

3

Court does not have jurisdiction due to the fact that the joinder was not fraudulent, then this Court has no jurisdiction to decide the Motion to Dismiss. That decision should be left up to a State Court Judge should the defense want to refile its motion.

2. **PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO ESTABLISH THAT THERE ARE VIABLE CLAIMS AGAINST THE DEFENDANT, JOHN SHEA**

While individual Defendants may not normally be held individually liable under the New Jersey Law Against Discrimination ("NJLAD"), they can be held liable under the theory of "aiding and abetting". Leang v. Jersey City Bd. Of Educ., 198 N.J. 557, 969 A.2d 1097 (2009); Cicchetti v. Morris County Sheriff's Office, 194 N.J. 563, 947 A.2d 262 (2008). Defendant asserts that there are no facts from which this Court can determine that Mr. Shea was either aiding or abetting. However, what the Defendant fails to also state is that no discovery has been undertaken and this Court cannot make a decision on this issue based upon the pleadings alone.

The NJLAD clearly stands for the principle that employers are liable to acts of employment discrimination. See N.J.S.A. 10:5-12 (a). More importantly it shall be unlawful discrimination for any person, whether an employer or not to aid, abet, incite compel or coerce the doing of an acts prohibited by the NJLAD. See N.J.S.A. 10:5-12 (e). Under Lehmann v. Toys 'R' Us, 132 N.J. 587, 626 A.2d 445 (1993), it was held that an employer could be liable for acts of a supervisor if that supervisor acted within the scope of his or her authority and if the violation of the LAD was aided by that grant of authority. The Complaint that forms the basis of this law suit alleges sufficient facts to deny the motion at this time. The defense, while calling this a motion to dismiss, has in fact turned this into a motion on its merits, claiming that there are no "facts" sufficient to continue this claim.

Counsel has argued that an individual employee can only be found liable of aiding and

abetting if actively involved in the discriminatory conduct. Harley v. City of N.J. City, Civil Action No. 16-5135, 2017 U.S. Dist. LEXIS 98808 (D.N.J. June 27, 2017). While the recitation of the facts and the law may be correct, this Court cannot, simply based on the short Certification of Mr. Shea and the Complaint filed by the Plaintiff conclude that there were no facts from which a jury could conclude that Mr. Shea was or was not involved in the discriminatory conduct. As the Complaint states, based upon information and belief, the Plaintiff was not terminated until Mr. Shea reviewed the matter and signed off on it. This could mean many things, such as: (a) that the company was not going to terminate the Plaintiff until Mr. Shea made the decision; (b) the company sought Mr. Shea's determination as to whether there were sufficient grounds to terminate the Plaintiff; (c) Mr. Shea, knowing that the Plaintiff was going to have a valid age claim, made the decision to terminate her anyway; or (d) Mr. Shea himself made the ultimate decision to terminate the Plaintiff in violation of the NJLAD.

Defendant, John Shea, in any of the above circumstances will not be individually liable to the Plaintiff under the NJLAD, but may be responsible for aiding and abetting the ultimate acts of the employer, Express Scripts. There may be several other facts only known through discovery that could implicate Mr. Shea as an aider and abettor and for this reason alone, the Court cannot and should not make a decision as to whether Mr. Shea should be dismissed from the case.

The Third Circuit, in Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999) held that

> [I]n order to hold an employee liable as an aider or abettor, a plaintiff must show that "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation"

5

In this case if facts are developed during discovery that the NJLAD was violated by the termination of the Plaintiff and that if Mr. Shea actively participated in that termination, then it can be concluded that Mr. Shea is liable for "aiding and abetting" the acts of discrimination of the Defendant, Express Scripts.

Of course, at this stage in the proceedings, this Court has no facts from which to determine that Mr. Shea was or was not involved, and if involved, the details of that involvement. There are any number of scenarios in which Mr. Shea can be determined to be an aider and abettor. This Court cannot make a substantive conclusion since at this point all it has are the pleadings and self-serving certification by Mr. Shea.

For these reasons, the Motion to Dismiss must be denied.

3. **THE SUBMISSION OF THE CERTIFICAITON OF MR. SHEA CLEARLY INDICATES THAT THERE ARE FACTS IN DISPUTE.  AS A RESULT, SHOULD THE COURT CONSIDER THE CERTIFICATION OF MR. SHEA IT WILL NOT BE DECIDING THE 12 (b) (6) MOTION ON THE PLEADINGS AND IS THEREFORE CONVERTING THIS MOTION TO A SUBSTANTIVE SUMMARY JUDGMENT MOTION.  AS SUCH, IT SHOULD BE DENIED.**

The hallmark of Fed. R. Civ. P. 12(b)(6) is that it authorizes the Court to dismiss a **pleading** where the **pleading** fails to state a claim upon which relief can be granted (emphasis supplied). The Defendant has gone beyond this by submitting "facts" to the jury in order to support its Motion to Dismiss. Throughout the myriad of cases that discuss the standards of granting a Motion to Dismiss, the case law is replete with references made only to the pleadings and not to the facts, as the Court must accept at this time all facts in the pleadings as if same were true.

The Third Circuit has formulated a three (3) step process for District Courts to follow in

reviewing the sufficiency of the complaint for purposes of deciding a Fed. R. Civ. P. 12(b)(6) motion. *See* Nieves v. Lyft, Inc., Civil Action No. 17-6146 (FLW)(DEA), 2018 U.S. Dist. LEXIS 90423, (D.N.J. May 31, 2018); *See also* Robinson v. Family Dollar Inc., 679 F. App'x 126, 131 (3d Cir. 2017); Santiago v. Warminster Twp., 629 F. 3d 121 (3d Cir. 2010).

The Court must take note of the elements the Plaintiff must plead to state a claim, the Court must identify the allegations that, because they are no more than conclusions, are not entitled to the assumption of trust and when there are well pleaded allegations, the court should assume their veracity and then determine whether they give rise to an assumption of truth. *See* Connelly v. Lane Constr. Corp., 809 F. 3d 780 (3d Cir. 2016).

What is noticeably absent from this three (3) pronged approach is any reliance upon any "facts" submitted by the party making the motion. In essence, this is a motion based solely upon the pleadings.

If one reads the motion filed by the Defendant carefully, it is clear that if this Court decides this case solely on the pleadings, without consideration to any Certification filed by Mr. Shea, this motion must fail. The fact that the Defendant is now arguing that the facts contained in the pleadings are not true and accurate, this in essence, changes the motion from a Motion to Dismiss to one for summary judgment. Accordingly, this Court cannot decide such a motion without there being sufficient facts developed through discovery and as such it should also be denied for this reason.

## CONCLUSION

For all of the foregoing reasons, the Defendant's motion to dismiss must be denied.

> Respectfully submitted,
>
> Evan L. Goldman, Esq.
> GOLDMAN, DAVIS & GUTFLEISH, P.C.
> Three University Plaza, Suite 410
> Hackensack, New Jersey 07601
> (201) 488-2600
> (201) 488-5059 (Telecopier)
> Attorneys for Plaintiff

Dated: June 1, 2018