UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLA RABER, | : |
| | : Hon. Katharine S. Hayden, U.S.D.J. |
| Plaintiff, | : Hon. Cathy L. Waldor, U.S.M.J. |
| | : |
| v. | : Civil Action No.: 2:18-cv-08639 (KSH/CLW) |
| | : |
| EXPRESS SCRIPTS HOLDING COMPANY and JOHN SHEA, | : **RETURN DATE: JULY 2, 2018** |
| | : |
| Defendants. | : |

---

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT

---

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
Attorneys for Defendants

Of Counsel:
    John K. Bennett, Esq. (Bar ID #024201980)

On the Brief:
    Maggie L. Scardapane, Esq. (Bar ID #068262013)

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..........................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.........................................2

LEGAL ARGUMENT .........................................................................................................4

    POINT I ......................................................................................................................4

        PLAINTIFF FAILED TO OPPOSE DEFENDANTS' MOTION TO DISMISS IN A TIMELY MANNER. ..........................................4

    POINT II .....................................................................................................................5

        PLAINTIFF FRAUDULENTLY JOINED JOHN SHEA, ESQ., IN AN ATTEMPT TO DEPRIVE EXPRESS SCRIPTS OF ITS RIGHT TO REMOVE THIS ACTION TO THIS COURT ON DIVERSITY-OF-CITIZENSHIP GROUNDS. ..................................5

    POINT III ..................................................................................................................10

        PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES IN CONNECTION WITH HER MOTION TO REMAND SHOULD BE DENIED. ........................................................................10

CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Brennerman v. Guardian News & Media Ltd.,
    2015 U.S. Dist. LEXIS 172429 (D. Del. Dec. 29, 2015)..........................................8

Costa v. Verizon N.J., Inc.,
    936 F. Supp. 2d 455 (D.N.J. 2013) .........................................................................10

In re Briscoe,
    448 F.3d 201 (3d Cir. 2006).............................................................................5, 6, 7

Mersmann v. Cont'l Airlines,
    335 F. Supp. 2d 544 (D.N.J. 2004) .......................................................................8, 9

Parrish v. Arc of Morris Cty., LLC,
    193 F. Supp. 3d 425 (D.N.J. 2016) .........................................................................10

Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP,
    2010 U.S. Dist. LEXIS 36799 (D.N.J. Apr. 14, 2010) ..........................................7, 9

Sussman v. Capital One, N.A.,
    2014 U.S. Dist. LEXIS 151866 (D.N.J. Oct. 24, 2014)............................................6

Sussman v. Capital One, N.A.,
    2015 U.S. Dist. LEXIS 4369 (D.N.J. Jan. 13, 2015) ................................................7

**Rules**

Fed. R. Civ. P. 11 ........................................................................................................1, 2, 9

Fed. R. Civ. P. 12(b)(6)................................................................................................2, 4, 7

**Statutes**

N.J.S.A. 10:5-1, *et seq.* .................................................................................................3, 8

## PRELIMINARY STATEMENT

Plaintiff, Ella Raber, knowingly brought a fraudulent claim against Defendant John J. Shea, Esq., an attorney admitted to practice in New Jersey and New York, solely for the purpose of fabricating a forum defendant in an effort to manipulate this Court's jurisdiction. In response to Plaintiff's Complaint, Defendants, Express Scripts and Mr. Shea, removed this action to this Court, on diversity-of-citizenship grounds, as Express Scripts is a citizen of Delaware and Missouri, and sent Plaintiff's counsel a Rule 11 letter putting Plaintiff on notice that her claim against Mr. Shea individually has no evidentiary support and is not warranted by law, and constitutes fraudulent joinder. In response, Plaintiff's counsel told Defendants' counsel that Plaintiff would consider dismissing her claim against Mr. Shea if Express Scripts would agree not to remove this action to this Court (which removal had already been effected), confirming Plaintiff's real motive in attempting to join Mr. Shea to this action. Plaintiff's opposition to Defendants' remand to this Court is a brazen doubling-down on her fraudulent claim against Mr. Shea, for which Plaintiff and her counsel should be sanctioned under Rule 11.

Defendants submit this opposition to Plaintiff's motion to remand, requesting that Plaintiff's remand motion be denied based on Plaintiff's fraudulent joinder of Mr. Shea. Defendant Express Scripts.

Plaintiff's sole basis for asserting an "aiding and abetting" claim against Mr. Shea, an in-house counsel for Express Scripts who had no involvement in Plaintiff's termination, was an attempt to fabricate a claim so as to create an alleged forum defendant, in order to deprive Express Scripts, a citizen of Delaware and Missouri, of its right to remove this action to this Court on diversity-of-citizenship grounds. Plaintiff's unsupported allegations against Mr. Shea, pled merely on her mistaken and/or false "information and belief," have been shown by Mr.

1

Shea's Certification to be neither "colorable" nor "plausible," thereby constituting fraudulent joinder for removal purposes.[1]

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff commenced her employment with a corporate predecessor to Express Scripts in or about 1990. Plaintiff then became an employee of Express Scripts (Complaint, ¶ 4, Exh. A to Certification of John K. Bennett ("Bennett Cert."). Plaintiff was an employee of Express Scripts until her termination on or about August 28, 2017 (Complaint, ¶ 24, Exh. A to Bennett Cert.). Plaintiff was terminated for violating the Company's work-from-home policy, as well as her poor performance (Complaint, ¶ 24, Exh. A to Bennett Cert.).

On February 8, 2018, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Bergen County. After service of process, Defendants properly and timely removed this action to this Court, on May 2, 2018, based on this Court's diversity-of-citizenship jurisdiction, given the fraudulent joinder of Mr. Shea individually. On May 3, 2018, Defendants filed a motion to dismiss Plaintiff's Complaint as against Mr. Shea individually, for failure to state a claim, pursuant to Rule 12(b) (6).

In Counts Two and Four of her Complaint, Plaintiff claims that her former employer, Express Scripts, terminated her employment based on her age in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. In her Count One, Plaintiff alleges, "upon information and belief," that John J. Shea, Esq., a New Jersey lawyer employed as an in-house labor and employment counsel for Express Scripts, "reviewed and

---

[1] As stated in Defendants' reply brief in further support of their motion to dismiss (see docket entry #12), the issues for the Court in both this motion and Defendants' motion to dismiss is essentially the same: whether Plaintiff's "aiding and abetting" claim asserted against Mr. Shea individually fails to state a claim, pursuant to Rule 12(b) (6), and lacks any "reasonable basis in fact or colorable ground" such that it constitutes fraudulent joinder. In either or both motions, the essential issue is whether there is enough support for that claim against Mr. Shea, under the applicable legal standards and the undisputed facts in Mr. Shea's certification, to allow Plaintiff to proceed with that claim, regardless of which motion is decided first.

2

authorized" and "approved" Express Scripts' decision to terminate Plaintiff's employment, allegedly constituting "aiding and abetting" of Express Scripts' alleged discriminatory decision, in violation of the NJLAD (Complaint, ¶¶ 27, 28, Exh. A to Bennett Cert.). In her Count Three, Plaintiff claims that Express Scripts, in terminating her employment, intentionally inflicted emotional distress upon her (Complaint, ¶¶ 31-43, Exh. A to Bennett Cert.).[2]

Mr. Shea, as an in-house labor and employment counsel, advises his client, Express Scripts, on various labor and employment law matters that may arise and for which he is asked to offer legal advice (Certification of John J. Shea ("Shea Cert.") at ¶ 1). In the course of his employment by Express Scripts, as Associate General Counsel – Labor and Employment Law, Mr. Shea may be asked by his client, Express Scripts, to review and advise the client regarding proposed employment actions. When he is asked to do so, he is functioning entirely as a lawyer giving legal advice to his client (Shea Cert. at ¶ 2).

However, Mr. Shea was not asked to review, provide any legal advice, or approve any proposed decision to terminate the employment of Plaintiff, which her Complaint alleges occurred on or about August 28, 2017 (Shea Cert. at ¶ 4; Complaint, ¶ 24, Exh. A to Bennett Cert.). In fact, Mr. Shea was not even aware of Express Scripts' termination of Plaintiff's employment until October 2017, when a pre-litigation demand letter from Plaintiff's counsel, Evan L. Goldman, Esq., to Ms. Sara Wade, Express Scripts' Senior Vice President and Chief Human Resources Officer, was forwarded internally to Mr. Shea for his review and response as in-house counsel (Shea Cert. at ¶ 5). On October 27, 2017, Mr. Shea sent a letter to Mr. Goldman, in response to Mr. Goldman's demand letter, advising that he (Mr. Shea) represents Express Scripts, and that he would review the matter (Shea Cert. at ¶ 6). On November 22,

---

[2] Based on Plaintiff's opposition to Defendants' motion to dismiss (see docket entry #9), it is clear that Plaintiff's claim for intentional infliction of emotional distress is alleged against only Express scripts, not against Mr. Shea individually.

3

2017, after Mr. Shea had an opportunity to review Mr. Goldman's October 16, 2017 demand letter, and to review with Express Scripts' representatives the basis for Plaintiff's termination, Mr. Shea responded more fully to Mr. Goldman's demand letter (Shea Cert. at ¶ 7).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF FAILED TO OPPOSE DEFENDANTS' MOTION TO DISMISS IN A TIMELY MANNER.

Plaintiff failed to oppose Defendants' motion to dismiss her Complaint as against Mr. Shea individually, pursuant to Rule 12(b) (6), in a timely manner. Plaintiff's untimely opposition should be disregarded, and this Court should grant Defendants' motion to dismiss the action as against Mr. Shea individually as unopposed, rendering moot Plaintiff's motion to remand this action to state court. On May 4, 2018, Defendants filed their motion to dismiss Plaintiff's Complaint as against Mr. Shea individually, for failure to state a claim, pursuant to Rule 12(b) (6) [Docs. 3 and 6]. In an e-notice to the parties' counsel, this Court promptly set the return date for Defendants' motion to dismiss Mr. Shea for June 4, 2018, meaning Plaintiff's opposition was due on May 21, 2018. Plaintiff did not file her opposition until June 1, 2018, eleven (11) days after it was due, and the last business day before the return date of Defendants' motion to dismiss. With Mr. Shea dismissed, the only remaining defendant would be Express Scripts, a Delaware corporation having its headquarters and principal place of business located in St. Louis, Missouri.

Even if, however, this Court were to consider Plaintiff's opposition to Defendants' motion to dismiss her claim against Mr. Shea, and decide both motions, Plaintiff's

4

motion to remand must be denied, as it is readily apparent, for the reasons stated more fully below, that Plaintiff fraudulently joined Mr. Shea by fabricating a claim against a forum defendant in an attempt to deprive Express Scripts of its right to remove this action to this Court on diversity-of-citizenship grounds.

### POINT II

### PLAINTIFF FRAUDULENTLY JOINED JOHN SHEA, ESQ., IN AN ATTEMPT TO DEPRIVE EXPRESS SCRIPTS OF ITS RIGHT TO REMOVE THIS ACTION TO THIS COURT ON DIVERSITY-OF-CITIZENSHIP GROUNDS.

Plaintiff fraudulently joined Mr. Shea, an attorney employed by Express Scripts as Associate General Counsel – Labor and Employment Law, in an attempt to create a forum defendant so as to deprive Express Scripts, a citizen of Delaware and Missouri, of its right to remove this action to this Court on diversity-of-citizenship grounds. Plaintiff's remand motion should be denied, with this Court retaining jurisdiction over this action with the single defendant employer Express Scripts, based on diversity-of-citizenship grounds.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). Third Circuit case law states that "joinder is fraudulent if 'there is **no reasonable basis in fact or colorable ground supporting the claim against the joined defendant**, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Id. at 216 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)) (emphasis added). "If the district court determines that the joinder was fraudulent in this sense, the court can disregard, for jurisdictional purposes, the citizenship of certain

5

nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. (internal quotation marks omitted).

When making a fraudulent joinder inquiry, the standard for the Court is "merely whether the claim is colorable." Id. at 209. In Briscoe, the Third Circuit Court stated that "a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder." Id. at 219. The Briscoe Court found "no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal. Such evidence may be found in the record from prior proceedings . . . or in other relevant matters that are properly subject to judicial notice. Such a limited look outside the pleadings does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." Id. at 220.

This Court's decision in Sussman v. Capital One, N.A., 2014 U.S. Dist. LEXIS 151866, at *17-18 (D.N.J. Oct. 24, 2014), is helpful to the Court's inquiry in this case. In Sussman, this Court, through Judge Wolfson, in denying the plaintiff's remand motion, ruled that the plaintiff's "aiding and abetting" claim against his supervisor was "not colorable" because "Plaintiff merely state[d] that [his supervisor] was informed about Plaintiff's medical condition and of Plaintiff's desire to return to work following the conclusion of his medical leave."[3] The Court found that the plaintiff's claim against his supervisor could not "even potentially create aiding and abetting liability." Id. at *18. In denying the plaintiff's motion for reconsideration of the Court's decision denying his remand motion, Judge Wolfson stated for the Court:

> **The purpose of the fraudulent joinder doctrine is to weed out defendants who have been added solely to defeat federal jurisdiction and against whom non-colorable claims have been asserted. The Court may not simply accept the addition of a defendant on faith that he or she was added on the basis of his**

---

[3] A true and correct copy of this decision is attached to the Bennett Cert. at Exh. F.

6

> **or her involvement in unlawful activity, if the facts in the Amended Complaint do not colorably support such an assertion.**

Sussman v. Capital One, N.A., 2015 U.S. Dist. LEXIS 4369, at *16 (D.N.J. Jan. 13, 2015) (emphasis added) (internal citations omitted).[4]

In Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP, 2010 U.S. Dist. LEXIS 36799, at *11 (D.N.J. Apr. 14, 2010), this Court, through Judge Pisano, determined that the plaintiff had fraudulently joined two defendants, the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC"), and a lawyer, Louis A. Modugno, Esq., by asserting claims of defamation and violation of his right to privacy against them "solely to defeat diversity jurisdiction, rendering the joinder of MDMC and Modugno fraudulent."[5] Like in this case, in Roggio this Court was presented at the same time with both the plaintiff's remand motion and the defendants' motion to dismiss claims pursuant to Rule 12 (b) (6), and decided both motions. In the same Opinion, this Court dismissed the plaintiff's claims against MDMC and Mr. Modugno, with prejudice, for failure to state a claim, and also concluded the plaintiff "named MDMC as defendants in his state court action solely to defeat diversity jurisdiction, rendering the joinder of MDMC and Modugno fraudulent." Id. at *6, 11 (citing In re Briscoe, 448 F.3d at 216). That same result is compelled here by the record in these pending motions.

In Brennerman v. Guardian News & Media Ltd., 2015 U.S. Dist. LEXIS 172429, at *12-15 (D. Del. Dec. 29, 2015), the Court found that the plaintiffs fraudulently joined defendant Guardian LLC (US) "for the sole purpose of destroying diversity jurisdiction" because the "Plaintiffs base[d] their defamation claim against Guardian LLC (US) on the fact that the allegedly defamatory statements on Guardian Ltd. (UK)'s website could be accessed through

---

[4] A true and correct copy of this decision is attached to the Bennett Cert. at Exh. G.
[5] A true and correct copy of this decision is attached to the Bennett Cert.at Exh. H.

7

Guardian LLC (US)'s website."[6] The court found that "no legal claim arises from mere access through a link to an allegedly defamatory article published elsewhere" and thus found "no evidence to support Plaintiffs' allegations." Id. at *14.

Similarly, in this case, Plaintiff mentions Mr. Shea in only two paragraphs of Count One of her Complaint, alleging "**upon information and belief**" that Mr. Shea "aided and abetted" Express Scripts' alleged violation of the NJLAD because he "reviewed and authorized" and "approved" Express Scripts' decision to terminate her employment (Complaint, ¶¶ 27, 28, Exh. A to Bennett Cert.) (emphasis added). Plaintiff provides no factual support for her claim against Mr. Shea, which she admits is not based on fact, but merely on alleged and unspecified "information and belief," and which is rendered impossible by the basic facts in Mr. Shea's certification that he was not at all involved in reviewing or approving Plaintiff's termination.

Plaintiff's reliance on Mersmann v. Cont'l Airlines, 335 F. Supp. 2d 544 (D.N.J. 2004) is misplaced. In Mersmann, the plaintiff sought to join a non-diverse defendant after the case had already been removed to federal court. Therefore, the Court was focused on whether "remand was permitted upon the joinder of non-diverse parties," which requires the Court to consider additional factors other than whether the plaintiff's claim is "reasonable" or "colorable." Mersmann, 335 F. Supp. 2d at 555-56 (also considering "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities").[7]

In response to Plaintiff's wholly unsupported attempt to fabricate a claim against Mr. Shea so as to avoid this Court's diversity jurisdiction, defense counsel sent Plaintiff's

---

[6] A true and correct copy of this decision is attached to the Bennett Cert. at Exh. I.
[7] Contrary to Plaintiff's assertion, Jackson Lewis P.C. was not defense counsel in Mersmann v. Cont'l Airlines.

8

counsel, Evan L. Goldman, Esq., a letter on May 1, 2018, putting him on notice, pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that there is no basis for Plaintiff's claim against Mr. Shea individually, and that Plaintiff's Complaint must be dismissed as against Mr. Shea (Exh. B to Bennett Cert.). On May 1, 2018, Plaintiff's counsel sent an email response to defense counsel's Rule 11 letter, stating, inter alia, that he would consider with Plaintiff agreeing to dismiss Plaintiff's claim against Mr. Shea individually if Defendants would agree not to remove this action to this Court on behalf of Express Scripts, which removal already had been effected (Exh. C to Bennett Cert.). Plaintiff's counsel's response confirms his fraudulent joinder of Mr. Shea "solely to defeat diversity removal, rendering the joinder . . . fraudulent," just as Judge Pisano found for this Court in Roggio, *supra*.

On May 2, 2018, defense counsel replied to Plaintiff's counsel's May 1, 2018 letter, pointing out, inter alia, that Plaintiff's counsel's e-mail confirmed his fraudulent joinder of Mr. Shea for the sole purpose of creating a forum defendant against whom Plaintiff has no claim, in an attempt to avoid proper removal to this Court by Express Scripts (Exh. D to Bennett Cert.). On May 2, 2018, Plaintiff's counsel replied to defense counsel's e-mail, stating, inter alia, that Plaintiff will not voluntarily dismiss her claim as against Mr. Shea individually, because some unnamed person or persons allegedly told her that Mr. Shea was "involved" in her termination by Express Scripts in some unspecified way (Exh. E to Bennett Cert.).

It is obvious that Plaintiff fraudulently joined Mr. Shea in her Complaint in an improper effort to avoid this Court's diversity jurisdiction over Express Scripts. Accordingly, Plaintiff's motion to remand must be denied, the claim against Mr. Shea individually must be dismissed for failure to state a claim, with this Court retaining jurisdiction of this action with the single defendant employer Express Scripts, on diversity-of-citizenship grounds.

## POINT III

## PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES IN CONNECTION WITH HER MOTION TO REMAND SHOULD BE DENIED.

Plaintiff's request for attorneys' fees in connection with her remand motion is wholly unjustifiable and without merit. Even assuming that Plaintiff presented a viable and persuasive argument for remand, which she did not, Defendants have an objectively reasonable basis for removal, namely, the fraudulent joinder of Express Scripts' in-house counsel, Mr. Shea. "The Supreme Court has stated that, in removal cases, 'the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees [] only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 467 (D.N.J. 2013) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (alternation in original)); see also Parrish v. Arc of Morris Cty., LLC, 193 F. Supp. 3d 425, 435 (D.N.J. 2016) (an opinion written by Judge Hayden stating that "[w]hile bad faith is not required for an award of attorneys' fees, a good faith basis for seeking removal prohibits such an award"). Therefore, this Court should deny Plaintiff's request for fees.

## **CONCLUSION**

For the compelling reasons set forth herein, Defendants respectfully request that the Court deny Plaintiffs' motion to remand this action to state court and grant Defendants' motion to dismiss the claim asserted against Mr. Shea individually.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By: /s/ John K. Bennett
    John K. Bennett
    Maggie L. Scardapane

ATTORNEYS FOR DEFENDANTS

Dated: June 15, 2018

417019
4824-2486-4361, v. 115